UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIO MULAS and
LUCIA MULAS,

      Plaintiffs,

v.                                                                 Case No.:  2:25-cv-955-SPC-DNF

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

      Defendant.

_____

## OPINION AND ORDER

Before the Court is Defendant Westchester Surplus Lines Insurance Company's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. 17) and Plaintiffs Elio and Lucia Mulas' response (Doc. 20).  For the below reasons, the Court grants the motion.

This breach-of-contract action arises from windstorm damage to Plaintiffs' commercial property during Hurricane Ian. Plaintiffs allege they submitted a claim to Defendant, but Defendant has neither affirmed nor denied coverage on the claim nor issued any payment. Accordingly, they bring claims for breach of contract (count I) and anticipatory breach of contract (count II) (Doc. 3). Defendant moves to dismiss count II, arguing Plaintiffs fail to state a claim (Doc. 17).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Defendant moves to dismiss Plaintiffs' anticipatory breach claim. "To state a claim for anticipatory breach or repudiation, the factual allegations must show the breach occurred before the time has come when there is a present duty to perform as the result of words or acts evincing an intention to refuse performance in the future." *Amnay v. Select Portfolio Servicing, Inc.*, No. 8:21-CV-2610-WFJ-CPT, 2022 WL 3577358, at *5 (M.D. Fla. Aug. 19, 2022), *aff'd*, No. 22-13128, 2023 WL 3944869 (11th Cir. June 12, 2023) (cleaned up and citation omitted). "The repudiation of the contract must be absolute

2

and without qualification; any ultimatums to refuse to honor the agreement must be issued in no uncertain terms." *Id.* (citation omitted).

In count II, Plaintiffs allege that Defendant has not paid the actual cash value ("ACV") for their damaged property. Given this failure to pay ACV, Plaintiffs anticipate Defendant will breach the policy again by failing to pay the full replacement cost value ("RCV") when it becomes due. (Doc. 3 ¶¶ 21–26).

Defendant argues Plaintiffs have not alleged facts showing Defendant's absolute intention to refuse RCV payment. The Court agrees. Plaintiffs simply assert that Defendant's failure to pay ACV suggests it will not pay RCV. This is a leap too far beyond plausibility.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Count II (Doc. 17) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this January 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3