**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ELIO MULAS and LUCIA MULAS,

Plaintiffs,

v. Case No. 2:25-cv-955-SPC-KRH

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

Defendant.
______________________________/

# Order

At issue is Defendant's Renewed Motion to Compel. (Doc. 48); *see also* (Doc. 49; Doc. 50). As discussed at the hearing on the record on November 19, 2026, the Motion is **GRANTED and DENIED in part**.

As to the dispute over any outstanding document production from Plaintiffs—whether demanded by the Automatic Discovery obligations (Doc. 5 at 9-11) or any proper requests for production—the Motion is **GRANTED and DENIED in part**. **On or before December 7, 2026**, Plaintiffs must again review their records and confer to determine if they possess responsive documents. If so, Plaintiffs must produce those records to Defendant by that same day.[1]

[1] For production of responsive documents in discovery, the records must be within the respondent's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Control, however, does not require legal ownership or physical possession. *E.g.*, *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain documents requested upon demand."). Courts have since construed this standard broadly to include the "practical ability to obtain the materials sought on demand." *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011).

As to the dispute over production of the underwriting file from Defendant, the Motion is **DENIED as moot**. Defendant clarified that it had already produced the entire responsive file.

As to the dispute over Plaintiffs' written responses to the Court's Automatic Discovery (Doc. 5 at 8-9) and Statement of Contentions (Doc. 5 at 14-15), the Motion is **GRANTED**. **On or before December 7, 2026**, Plaintiffs must provide clear responses to each question with necessary information required by the Court's Hurricane Scheduling Order. The written responses to Automatic Discovery and Statement of Contentions must be set out in separate documents with logical organization for each category of required information.

As to the dispute over Plaintiff's responses to Defendant's interrogatories, the Motion is **DENIED without prejudice**. After Plaintiffs provide responses to the Court's Automatic Discovery and Statement of Contentions, Defendant may re-serve interrogatories. Any interrogatory questions which Defendant previously asked and are now rendered duplicative or unnecessary would not count against the numerical limit for Defendant's interrogatories.

Other than the deadlines addressed above, all other deadlines remain unchanged. And the Court will separately address Defendant's Motion to Strike (Doc. 54) once it is ripe.

In Fort Myers, Florida, on November 20, 2026.

Kevin R. Huguelet
United States Magistrate Judge